IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN MAURICE OLIVER,

    Petitioner,

    v.                                     CASE NO. 18-3055-JWL

COMMANDANT,
USDB-Leavenworth,[1]

    Respondent.

## ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner challenges his 2015 conviction by general court martial. This matter is before the Court on Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion for Appointment of Counsel (Doc. 3). The Court denies the motion to proceed in forma pauperis because Petitioner's Application, Affidavit and attached account statement, show that he is not indigent. Petitioner shall submit the $5.00 habeas filing fee by March 20, 2018.

The Court denies without prejudice the request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v.*

---

[1] The Court substitutes the commandant as respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court.

*Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

The Court has examined the record and finds that a responsive pleading is required.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.** Petitioner shall submit the $5.00 filing fee by **March 20, 2018.** Failure to submit the filing fee by this date may result in dismissal of this action without further notice for failure to comply with this Court's order.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Respondent is hereby required to show cause on or before **April 6, 2018**, why the writ should not be granted; that Petitioner is granted until **May 7,**

*Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

The Court has examined the record and finds that a responsive pleading is required.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.** Petitioner shall submit the $5.00 filing fee by **March 20, 2018.** Failure to submit the filing fee by this date may result in dismissal of this action without further notice for failure to comply with this Court's order.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Respondent is hereby required to show cause on or before **April 6, 2018**, why the writ should not be granted; that Petitioner is granted until **May 7,**

**2018**, to file a traverse thereto; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

Copies of this Order shall be transmitted to the parties and the U. S. Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 6th day of March, 2018.**

>**S/ John W. Lungstrum**
>**JOHN W. LUNGSTRUM**
>**UNITED STATES DISTRICT JUDGE**